## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LASHANDA B. COLLINS, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-845-SDD-SDJ** |
| **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, et al.** | |

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **fourteen (14) days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 12, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LASHANDA B. COLLINS, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-845-SDD-SDJ** |
| **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, et al.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Remand (R. Doc. 28) filed by Plaintiff, Lashanda B. Collins, individually and on behalf of minor Jaceia Collins, on March 18, 2022. According to Plaintiff, this Court no longer has jurisdiction over this matter, as there no longer is complete diversity of the Parties, as required by 28 U.S.C. § 1332.[1] Plaintiff, therefore, asks that this cause of action be remanded to state court. Defendants, in response, filed a Memorandum in Regard to the Motion to Remand (R. Doc. 29), agreeing with Plaintiff's contention that this Court no longer has diversity jurisdiction over this matter and stating that Defendants "will not be filing an opposition to the Motion to Remand."[2]

Defendants filed their Notice of Removal (R. Doc. 1) on December 15, 2020, claiming this Court had subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Subsequently, on November 8, 2021, Plaintiff filed her First Amending and Supplemental Complaint (R. Doc. 14), in which, *inter alia*, she names Louisiana Farm Bureau Casualty Insurance Company ("Louisiana Farm Bureau") as an additional Defendant.[3] All Parties agree that Louisiana

---

[1] R. Doc. 28 at 1.
[2] R. Doc. 29 at 1.
[3] R. Doc. 14 at 2.

Farm Bureau is a Louisiana citizen, thereby destroying complete diversity among the Parties.[4] As such, because there no longer is complete diversity of citizenship of Plaintiff and all Defendants, the Court no longer has subject matter jurisdiction over this case. *See Jarell v. State Farm Mut. Auto. Ins. Co.*, No. 10-431, 2010 WL 4116994, at *2 (M.D. La. Sept. 8, 2010), *report and recommendation adopted*, 2010 WL 4135714 (M.D. La. Oct. 19, 2010) (addition of non-diverse defendant destroyed diversity jurisdiction, resulting in the case being remanded to state court).

Accordingly,

The Court **RECOMMENDS** that Plaintiff's Motion to Remand (R. Doc. 28) be **GRANTED** and that this case be **remanded** to the 18th Judicial District Court for the Parish of West Baton Rouge.

Signed in Baton Rouge, Louisiana, on April 12, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] *Id.*; R. Doc. 28 at 1; R. Doc. 29 at 1.